## COLLECTION FOR GOODS IN EXCESS OF THOSE SHIPPED.

Circuit Court of Cuyahoga County.

BENJAMIN EMMERMAN ET AL V. THE OHIO IRON & METAL COMPANY.

Decided, December 8, 1902.

*Attachment—When Debt Fraudulently Contracted.*

An action to recover money paid to the defendant by reason of the defendant having billed and collected for goods in excess of the amount of goods actually shipped to plaintiff, is an action to collect a debt fraudulently or criminally contracted within the meaning of Section 5521, Revised Statutes, and is ground for attachment.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

Error to the court of common pleas.

The Ohio Iron & Metal Company, which is a corporation, brought suit in the court of common pleas against Benjamin Emmerman and others, his partners in business, which suit is still pending in that court. As the time of filing the petition an affidavit was filed by the plaintiff for an attachment against the defendant. Later an alias affidavit for attachment was filed and an attachment was allowed. The defendant below moved for a dissolution of such attachment. This motion was overruled, and it is to reverse the judgment overruling such motion that this proceeding is prosecuted. The evidence introduced in the court of common pleas upon this motion was not brought before us by bill of exceptions and can not, therefore, be considered, but one of the grounds of the motion is that the affidavit upon

which the attachment was allowed is insufficient.    That affidavit, omitting the formal parts, reads:

"That the claim on which this suit is brought is damages sustained by plaintiff by reason of the fraudulent sale by defendant to plaintiff of a quantity of steel scrap, in billing and collecting from plaintiff for 93,600 pounds and fraudulently shipping only 36,060 pounds of said scrap."

The affidavit in all particulars except as above quoted, is conceded to be sufficient and the question is, is there such a statement in so much of the affidavit as is quoted to bring it within the statute.

The proceeding for attachment is based upon Section 5521, Revised Code, and the language of the section is:

"That in a civil action for the recovery of money the plaintiff may, at or after the commencement thereof, have an attachment against the property of the defendant upon the grounds herein stated.    1. When the defendant or one of several defendants * * *

"9.    Has fraudulently or criminally contracted the debt, or incurred the obligation for which suit is about to be or has been brought."    * * *

The whole question is, whether the language above quoted from the affidavit in this case shows that the debt for which the suit was brought was fraudulently contracted.    We hold that it clearly does so show.    The statement is that the defendants below, by fraud in the sale of certain goods obtained from the plaintiff below pay for more than 50,000 pounds of such goods which they never furnished.    If the allegations of this affidavit are true, clearly the debt for which the suit is brought, to-wit: the recovery of the money paid for goods never furnished, was fraudently contracted by the defendant below.

It follows that the judgment of the court of common pleas in overruling the motion to discharge the attachment is affirmed.